IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN M. PARHAM, SR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                        /

No. C 09-00642 JSW

**ORDER DENYING MOTION TO RECONSIDER**

        On February 12, 2009, Plaintiff filed his Complaint in this matter. On June 30, 2009, Defendant filed an answer. Pursuant to Northern District Civil Local Rule 16-5, Plaintiff's motion for summary judgment or motion for remand was due on or about July 30, 2009. Plaintiff did not file a motion for summary judgment or motion for remand by that date. On September 29, 2009, the Court issued an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to prosecute. Plaintiff's response was due on October 16, 2009. Plaintiff did not file a response to the Order to Show Cause. The Court advised Plaintiff that if he failed to respond to the Order to Show Cause, the matter would be dismissed without prejudice without further notice to Plaintiff. Accordingly, on October 21, 2009, the Court dismissed the matter without prejudice for failure to prosecute.

        On July 5, 2011, over a year and a half after the Court dismissed the matter, Plaintiff filed a motion for reconsideration. Plaintiff's factual basis for the relief that he seeks is that his doctor was out of town, and he did not have the information he needed to provide the Court. Although Plaintiff has not specified the legal basis on which he seeks relief, the Court concludes Plaintiff's request is both untimely and not supported by good cause.

        Under Rule 60:

> On motion and just terms, the court may relieve a party or its legal representative from [an] ... order ... for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

However, a "motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Plaintiff filed his motion well over a year after the Court issued its Order dismissing the case and, thus, to the extent he purports to bring his motion under Rule 60(b)(1) or (2), it is untimely. In addition, the Court concludes that, based on the factual basis for his motion, Plaintiff has not brought his motion within a reasonable time such that the Court could order relief under Rule 60(b)(6).

Accordingly, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 11, 2011

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN M. PARHAM, SR.,

        Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY et al,

        Defendant.
                                       /

Case Number: CV09-00642 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin M. Parham
4232 Suter Street
Oakland, CA 94619

Dated: July 11, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk